William C. Baton
Alexander L. Callo
**SAUL EWING LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
wbaton@saul.com

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*

OF COUNSEL:

Edgar H. Haug
Nicholas F. Giove
Andrew Wasson
Kaitlin M. Farrell
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPERNUS PHARMACEUTICALS, INC.,**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**APOTEX INC.,**<br><br>    **Defendant.** | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiff Supernus Pharmaceuticals, Inc. ("Supernus" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendant Apotex Inc. ("Apotex" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, involving United States Patent Nos. 9,358,204 ("the '204 patent"); 9,603,853 ("the '853 patent"); 9,662,338 ("the '338 patent"); 11,324,753 ("the

'753 patent"); 11,458,143 ("the '143 patent"); and 12,121,523 ("the '523 patent"), attached

hereto as Exhibits A–F (collectively, "the patents-in-suit").

## THE PARTIES

2.      Plaintiff Supernus is a corporation organized and existing under the laws of

Delaware, having a place of business at 9715 Key West Avenue, Rockville, Maryland 20850.

3.      Upon information and belief, Defendant Apotex, Inc. is a foreign corporation

organized and existing under the laws of Canada, having its principal place of business at 150

Signet Drive, Toronto, Ontario, Canada M9L 1T9.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant under: (i) Fed. R. Civ. P.

4(k)(1) and N.J. Ct. R. 4:4-4; and/or (ii) Fed. R. Civ. P. 4(k)(2).

6.      This Court has personal jurisdiction over Apotex at least because, upon

information and belief: (i) Apotex, itself and through its subsidiaries and agents, has purposefully

availed itself of the privilege of doing business in the State of New Jersey by continuously and

systematically placing goods in the stream of commerce for importation, use, sale, offer for sale,

and/or distribution throughout the United States, including the State of New Jersey; (ii) Apotex,

itself and through its subsidiaries and agents, regularly transacts or solicits business, performs

work, and contracts to supply goods and services in New Jersey and/or derives substantial

revenue from goods or services used or consumed in New Jersey; (iii) Apotex, itself and through

its subsidiaries and agents, is in the business of developing and manufacturing generic

pharmaceutical products for importation, use, sale, offer for sale, and/or distribution throughout

the United States, including in the State of New Jersey; (iv) Apotex's website admits that it has

"a significant and growing presence in the United States, and [is] a health partner of choice for the Americas" (https://www.apotex.com/us/ (last visited on June 24, 2025)); (v) Apotex's website admits that its U.S. Food and Drug Administration ("FDA")-approved manufacturing facilities allow it "to consistently deliver high-quality products – domestically by material production within Canada and through manufacturing and distribution facilities in India, Mexico and the United States" (https://www.apotex.com/us/about-us/our-operations (last visited June 24, 2025)); (vi) Apotex has consented and submitted to this Court's jurisdiction in prior civil actions and has invoked the benefits and protections of this Court by asserting counterclaims in prior civil actions;[1] (vii) Apotex's contacts with this Judicial District—e.g., the manufacturing, importation, use, sale, offer for sale, and/or distribution of generic pharmaceutical products (including the accused products at issue in this action)—give rise to and/or are related to Plaintiff's claims; (viii) Apotex, itself and through its subsidiaries and agents, has committed, induced, and/or contributed to acts of patent infringement in New Jersey; and (ix) if Apotex's Abbreviated New Drug Application ("ANDA") No. 220456 ("Apotex's ANDA") receives final approval, Apotex's viloxazine extended-release capsules (100 mg, 150 mg, and 200 mg)

---

[1] *See, e.g., Novo Nordisk Inc. v. Apotex Inc.*, No. 24-cv-09729, ECF No. 20 (D.N.J.) (not contesting personal jurisdiction and filing counterclaims); *Jazz Pharms. Rsch. UK Ltd. f/k/a GW Rsch. Ltd. v. Apotex Inc.*, No. 24-cv-07550, ECF No. 25 (D.N.J.) (same); *Incyte Corp. v. Apotex Inc.*, No. 24-cv-04366, ECF No. 10 (D.N.J.) (same); *American Regent, Inc. f/k/a Luitpold Pharma., Inc. v. Apotex Inc.*, No. 24-cv-02268, ECF No. 18 (D.N.J.) (same); *American Regent, Inc. f/k/a Luitpold Pharma., Inc. v. Somerset Therapeutics, LLC*, No. 24-cv-01022, ECF No. 51(D.N.J.) (same); *Jazz Pharms. Rsch. UK Ltd. f/k/a GW Rsch. Ltd. v. Teva Pharma., Inc.*, No. 23-cv-23141, ECF No. 27 (D.N.J.) (same); *GW Rsch. Ltd. v. Teva Pharma., Inc.*, No. 23-cv-03914, ECF No. 46 (D.N.J.) (same); *Oyster Point Pharma, Inc., v. Apotex, Inc.*, No. 23-cv-03860, ECF Nos. 76 (sealed), 79 (redacted) (D.N.J.) (same); *GW Rsch. Ltd. v. Teva Pharma., Inc.*, No. 23-cv-00018, ECF No. 149 (D.N.J.) (same); *Amgen Inc. v. Apotex Inc.*, No. 22-cv-03827, ECF No. 30(D.N.J.) (same); *Supernus Pharms., Inc. v. Apotex Inc.*, No. 22-cv-00322, ECF Nos. 20 (sealed), 28 (redacted) (D.N.J.) (same); *Supernus Pharms., Inc. v. Apotex Inc.*, No. 20-cv-07870, ECF Nos. 12 (sealed), 15 (redacted) (D.N.J.) (same).

("Apotex's ANDA Products") will be marketed and distributed by Apotex in the State of New Jersey, prescribed by physicians practicing in the State of New Jersey, dispensed by pharmacies located within the State of New Jersey, and used by patients in the State of New Jersey.

7.      In the alternative, this Court has jurisdiction over Apotex under Fed. R. Civ. P. 4(k)(2) because: (i) Supernus's claims arise under federal law; (ii) Apotex is a foreign defendant not subject to jurisdiction in any state's courts of general jurisdiction; and (iii) Apotex has sufficient contacts with the United States as a whole—including, but not limited to, preparing and submitting ANDAs to the FDA and/or importing, manufacturing, using, selling, offering to sell, and distributing pharmaceutical products throughout the United States—such that this Court's exercise of jurisdiction over Apotex satisfies due process and is otherwise consistent with the United States Constitution and laws.

8.      Upon information and belief, pursuant to § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (codified at 21 U.S.C. § 355(j)), Apotex prepared, submitted, and filed with FDA, and FDA received, Apotex's ANDA seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Apotex's ANDA Products before the expiration of the patents-in-suit throughout the United States, including in this Judicial District.

9.      Upon information and belief, Apotex's acts of preparing and filing ANDA No. 220456 and directing notice of its ANDA submission to Plaintiff are acts with real and injurious consequences giving rise to this infringement action, including the present and/or anticipated commercial importation, manufacture, use, and/or sale of Apotex's ANDA Products before the expiration of the patents-in-suit throughout the United States, including in this Judicial District. Because defending against an infringement lawsuit such as this one is an essential and expected part of an ANDA filer's business, Apotex reasonably anticipates being sued in New Jersey.

10.    Apotex's ANDA filing implicating the patents-in-suit directly relates to this litigation and is substantially connected with this Judicial District because it reliably and non-speculatively predicts Apotex's intent to market and sell Apotex's ANDA Products in this Judicial District.

11.    Apotex has taken the significant step of applying to FDA for approval to engage in future activities—including the marketing of Apotex's ANDA Products—which, upon information and belief, will be purposefully directed at this Judicial District.

12.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

### FACTS COMMON TO ALL COUNTS

13.    Upon information and belief, on or about May 22, 2025, Defendant sent a letter pursuant to § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95) regarding the paragraph IV certification that Defendant submitted in ANDA No. 220456 and the patents-in-suit (the "Notice Letter") to Supernus at 9715 Key West Avenue, Rockville, Maryland 20850.

14.    The Notice Letter included an Offer of Confidential Access ("OCA") to unspecified portions of ANDA No. 220456, purportedly pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).

15.    Defendant's OCA contained numerous unreasonable and overly restrictive provisions.  Plaintiff proposed revisions that comport with restrictions that "would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." *See* 21 U.S.C. § 355.  Apotex did not respond to Plaintiff's proposal. Plaintiff and Defendant did not reach agreement on the terms of an Offer of Confidential Access and, to date, Defendant has not produced a copy of Apotex's ANDA to Plaintiff.

16.     According to the Notice Letter, Defendant filed Apotex's ANDA with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Apotex's ANDA Products.

17.     Upon information and belief, Defendant is in the business of, *inter alia*: (i) the development and manufacture of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey, and importing generic pharmaceutical products into the United States, including throughout the State of New Jersey; (ii) the preparation, submission, and filing of ANDAs seeking FDA approval to market generic drugs throughout the United States, including throughout the State of New Jersey; and (iii) the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey.

18.     Upon information and belief, Defendant filed Apotex's ANDA and stands to benefit from its approval.

19.     Upon information and belief, Defendant derives substantial revenue from directly or indirectly selling generic pharmaceutical products throughout the United States, including in this Judicial District.

20.     21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed."  21 C.F.R. § 314.95(c)(7) requires that such a letter include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement must include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and

"(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."  21 C.F.R. § 314.95(c)(7)(i)-(ii).

21.    Upon information and belief, as of the date of the Notice Letter, Defendant was aware of the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

22.    Upon information and belief, the Notice Letter does not disclose any invalidity contentions or opinions specifically directed to any claims of the '204 patent, the '853 patent, or the '338 patent.  Accordingly, upon information and belief, Defendant acknowledges and admits that the '204 patent, the '853 patent, and the '338 patent are not invalid.

23.    Upon information and belief, the Notice Letter does not disclose any contentions or opinions of no induced or contributory infringement specifically directed to any claims of the '338 patent.  Accordingly, upon information and belief, Defendant acknowledges and admits that it indirectly infringes claims 1–14 of the '338 patent.

24.    Upon information and belief, the Notice Letter does not disclose any noninfringement contentions or opinions specifically directed to claims 1-5 or 7 of the '143 patent.  Accordingly, upon information and belief, Defendant acknowledges and admits that it infringes claims 1-5 or 7 of the '143 patent.

25.    Upon information and belief, the Notice Letter does not disclose any unenforceability contentions for the patents-in-suit.

26.    Supernus's Qelbree® is sold and marketed under New Drug Application ("NDA") No. 211964, which was approved by the FDA for the manufacture and sale of viloxazine extended-release capsules 100 mg, 150 mg and 200 mg.

27.     Qelbree® is a selective norepinephrine reuptake inhibitor indicated for the treatment of Attention Deficit Hyperactivity Disorder (ADHD) in adults and pediatric patients 6 years and older.

28.     Qelbree®'s recommended dosage is as follows:

- Pediatric patients 6 to 11 years of age: Recommended starting dosage is 100 mg once daily.  May titrate in increments of 100 mg weekly to the maximum recommended dosage of 400 mg once daily

- Pediatric patients 12 to 17 years of age: Recommended starting dosage is 200 mg once daily.  May titrate after 1 week, by an increment of 200mg, to the maximum recommended dosage of 400 mg once daily

- Adult patients: Recommended starting dosage is 200 mg once daily.  May titrate in increments of 200 mg weekly, to maximum recommended dosage of 600 mg once daily

- Capsules may be swallowed whole or opened and the entire contents sprinkled onto applesauce or pudding

- Severe Renal Impairment: Initial dosage is 100 mg once daily. Titrate in weekly increments of 50 mg to 100 mg to a maximum recommended dosage of 200 mg once daily

29.     FDA's publication, titled, "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "Orange Book"), lists six (6) patents, specifically the patents-in-suit, as covering Supernus's Qelbree®.  Pursuant to 21 U.S.C. §§ 355(b)(1) and 355(c)(2), the patents-in-suit were submitted to the FDA with or after the approval of NDA No. 211964.  The patents-in-suit are listed in the Orange Book as covering Qelbree®.

30.     The '204 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on June 7, 2016, to Supernus upon assignment

from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt.  Supernus owns all rights, title, and interest in the '204 patent.

31.    The '853 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on March 28, 2017, to Supernus upon assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt.  Supernus owns all rights, title, and interest in the '853 patent.

32.    The '338 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on May 30, 2017, to Supernus upon assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt.  Supernus owns all rights, title, and interest in the '338 patent.

33.    The '753 patent, titled, "Method of Treatment of Attention Deficit/Hyperactivity Disorder (ADHD)," was duly and legally issued by the United States Patent and Trademark Office on May 10, 2022, to Supernus upon assignment from inventor Christopher D. Breder. Supernus owns all rights, title, and interest in the '753 patent.

34.    The '143 patent, titled, "Method of Treatment of Attention Deficit/Hyperactivity Disorder (ADHD)," was duly and legally issued by the United States Patent and Trademark Office on October 4, 2022, to Supernus upon assignment from inventor Christopher D. Breder. Supernus owns all rights, title, and interest in the '143 patent.

35.    The '523 patent, titled, "Method of Treatment of Attention Deficit/Hyperactivity Disorder (ADHD)," was duly and legally issued by the United States Patent and Trademark Office on October 22, 2024, to Supernus upon assignment from inventor Christopher D. Breder. Supernus owns all rights, title, and interest in the '523 patent.

36.    Upon information and belief, Apotex's ANDA is based upon Qelbree® (viloxazine extended-release capsules), 100 mg, 150 mg and 200 mg, as its reference listed drug.

37.    Upon information and belief, Apotex's ANDA Products are viloxazine extended-release capsules, 100 mg, 150 mg and 200 mg.

38.    Upon information and belief, Defendant has represented to FDA in ANDA No. 220456 that Apotex's ANDA Products are bioequivalent to Qelbree®.

39.    21 U.S.C. § 355(j)(2)(A)(i) requires that an ANDA contain "information to show that the conditions of use prescribed, recommended, or suggested in the labeling proposed for the new drug have been previously approved for a drug listed under paragraph (7)."  In addition, 21 U.S.C. § 355(j)(2)(A)(v) provides that an ANDA must contain "information to show that the labeling proposed for the new drug is the same as the labeling approved for the listed drug referred to in clause (i) except for changes required because of differences approved under a petition filed under subparagraph (C) or because the new drug and the listed drug are produced or distributed by different manufacturers."

40.    The Notice Letter does not indicate that Defendant intends to market Apotex's ANDA Products with labeling that materially differs from the Qelbree® label, including, for example, in terms of indications and usage, dosage and administration, dosage forms and strengths, contraindications, warnings and precautions, adverse reactions, drug interactions, use in specific populations, overdosage, description, clinical pharmacology, nonclinical toxicology, clinical studies, how supplied/storage and handling, patient counseling information, or composition of Apotex's ANDA Products.  *See, e.g.,* https://www.accessdata.fda.gov/drugsatfda_docs/label/2025/211964s013lbl.pdf#page=21 (last visited June 24, 2025).

41.     Upon information and belief, the proposed prescribing information for Apotex's ANDA Products includes a section titled, "Indication and Usage" stating that Apotex's ANDA Products are "indicated for the treatment of Attention-Deficit Hyperactivity Disorder (ADHD) in adults and pediatric patients 6 years and older."

42.     Upon information and belief, the proposed prescribing information for Apotex's ANDA Products includes a section titled, "Dosage and Administration," containing information about the recommended dosage for adult and pediatric patients.  Upon information and belief, the proposed prescribing information for Apotex's ANDA Products recommends: (i) administering 100 mg orally once daily as the recommended starting dosage for pediatric patients 6 to 11 years of age, which may be titrated in increments of 100 mg at weekly intervals to a maximum recommended dose of 400 mg once daily, depending on response and tolerability, (ii) administering 200 mg orally once daily as the recommended starting dosage for pediatric patients 12 to 17 years of age, which may be titrated in increments of 200 mg after one week to the maximum recommended dosage of 400 mg once daily, depending on response and tolerability; and (iii) administering 200 mg orally once daily as the recommended starting dosage for adults, which may be titrated in increments of 200 mg weekly to the maximum recommended dosage of 600 mg once daily, depending on response and tolerability.

43.     Upon information and belief, the proposed prescribing information for Apotex's ANDA Products includes a section titled, "Mechanism of Action," stating that "[t]he mechanism of action of viloxazine in the treatment of ADHD is unclear; however, it is thought to be through inhibiting the reuptake of norepinephrine."

44.     Upon information and belief, the proposed prescribing information for Apotex's ANDA Products includes a section titled, "Pharmacodynamics," stating that Apotex's ANDA

Products also "bind[] to and inhibit[] the norepinephrine transporter (Ki=0.13 μM)" and "bind[] to and exhibit[] partial agonist activity at the serotonin 5-HT2C receptor (Ki=0.66 μM)."

45.     Upon information and belief, Apotex's ANDA Products will have labeling that instructs patients to call their healthcare provider or get emergency help if they experience "new or worse depression" or "new or worse anxiety."

## **FIRST COUNT**
### **(Apotex's Infringement of the '204 Patent)**

46.     Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

47.     Upon information and belief, Defendant submitted Apotex's ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Apotex's ANDA Products prior to the expiration of the '204 patent.

48.     Upon information and belief, Defendant submitted Apotex's ANDA with a paragraph IV certification to the '204 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Apotex's ANDA Products before the expiration of the '204 patent.

49.     Upon information and belief, as of the date of the Notice Letter, Defendant was aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

50.     Defendant sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

51.     Under 35 U.S.C. § 271(e)(2)(A), the submission of Apotex's ANDA with a paragraph IV certification to the '204 patent for the purpose of obtaining approval to engage in

the commercial manufacture, use, or sale of Apotex's ANDA Products before the expiration of the '204 patent is itself an act of infringement of the '204 patent.

52.    Upon information and belief, Defendant will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Apotex's ANDA Products upon receiving final FDA approval.

53.    Upon information and belief, Apotex's commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Apotex's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '204 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

54.    Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Apotex's ANDA Products prior to the expiration of the '204 patent will directly infringe the '204 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '204 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '204 patent under 35 U.S.C. § 271(c).

55.    Upon information and belief, Apotex's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

56.    Upon information and belief, the label for Apotex's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Apotex's ANDA will encourage such third parties to infringe one or more of the claims of the '204 patent.

57.    Upon information and belief, the use of Apotex's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners,

physicians, and/or pharmacists) according to the instructions on the label of Apotex's ANDA Products will constitute an act of direct infringement of one or more of the claims of the '204 patent.

58.     Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '204 patent.

59.     Upon information and belief, Defendant intends such infringement by third parties, as Defendant is in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendant knows that its actions will induce acts that constitute direct infringement of claims of the '204 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

60.     Upon information and belief, by offering for sale or selling within the United States or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will contribute to the infringement of the '204 patent by third parties because: (i) Apotex's ANDA Products constitutes a material part of the formulations claimed in the '204 patent; (ii) Defendant knows or should know that Apotex's ANDA Products will be made for uses that directly infringe the

formulations claimed in the '204 patent; and (iii) Apotex's ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

61.     Upon information and belief, Defendant has acted with full knowledge of the '204 patent and its claims and without a reasonable basis for believing that Defendant would not be liable for infringement of the '204 patent. Defendant knew of the existence of the '204 patent, as evidenced by Apotex's filing of Apotex's ANDA with a paragraph IV certification specifically referencing the '204 patent. Notwithstanding this knowledge, Defendant has continued to signal its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Apotex's ANDA Products before the expiration of the patents-in-suit. Upon information and belief, through such activities, Defendant specifically intends infringement of the '204 patent.

62.     Upon information and belief, the actions described herein relating to Apotex's ANDA and Apotex's ANDA Products were done by and for the benefit of Defendant.

63.     This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

64.     Unless Defendant is permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## SECOND COUNT
### (Apotex's Infringement of the '853 Patent)

65.     Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

66.    Upon information and belief, Defendant submitted Apotex's ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Apotex's ANDA Products prior to the expiration of the '853 patent.

67.    Upon information and belief, Defendant submitted Apotex's ANDA with a paragraph IV certification to the '853 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Apotex's ANDA Products before the expiration of the '853 patent.

68.    Upon information and belief, as of the date of the Notice Letter, Defendant was aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

69.    Defendant sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

70.    Under 35 U.S.C. § 271(e)(2)(A), the submission of Apotex's ANDA with a paragraph IV certification to the '853 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Apotex's ANDA Products before the expiration of the '853 patent is itself an act of infringement of the '853 patent.

71.    Upon information and belief, Defendant will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Apotex's ANDA Products upon receiving final FDA approval.

72.    Upon information and belief, Apotex's commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Apotex's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '853 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

73.     Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Apotex's ANDA Products prior to the expiration of the '853 patent will directly infringe the '853 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '853 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '853 patent under 35 U.S.C. § 271(c).

74.     Upon information and belief, Apotex's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

75.     Upon information and belief, the label for Apotex's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Apotex's ANDA will encourage such third parties to perform one or more of the methods claimed in the '853 patent.

76.     Upon information and belief, the use of Apotex's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Apotex's ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '853 patent.

77.     Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) to make, use,

sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '853 patent.

78.    Upon information and belief, Defendant intends such infringement by third parties, as Defendant is in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendant knows that its actions will induce acts that constitute direct infringement of claims of the '853 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

79.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will contribute to the infringement of the '853 patent by third parties because: (i) Apotex's ANDA Products constitutes a material part of the methods of treatment claimed in the '853 patent; (ii) Defendant knows or should know that Apotex's ANDA Products will be made for uses that directly infringe the methods of treatment claimed in the '853 patent; and (iii) Apotex's ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

80.    Upon information and belief, Defendant has acted with full knowledge of the '853 patent and its claims and without a reasonable basis for believing that Defendant would not be liable for infringement of the '853 patent.  Defendant knew of the existence of the '853 patent, as evidenced by Apotex's filing of Apotex's ANDA with a paragraph IV certification specifically referencing the '853 patent.  Notwithstanding this knowledge, Defendant has continued to signal its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Apotex's ANDA Products before the expiration of the patents-in-suit.  Upon

information and belief, through such activities, Defendant specifically intends infringement of the '853 patent.

81.    Upon information and belief, the actions described herein relating to Apotex's ANDA and Apotex's ANDA Products were done by and for the benefit of Defendant.

82.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

83.    Unless Defendant is permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

### THIRD COUNT
### (Apotex's Infringement of the '338 Patent)

84.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

85.    Upon information and belief, Defendant submitted Apotex's ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Apotex's ANDA Products prior to the expiration of the '338 patent.

86.    Upon information and belief, Defendant submitted Apotex's ANDA with a paragraph IV certification to the '338 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Apotex's ANDA Products before the expiration of the '338 patent.

87.    Upon information and belief, as of the date of the Notice Letter, Defendant was aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

88.     Defendant sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

89.     Under 35 U.S.C. § 271(e)(2)(A), the submission of Apotex's ANDA with a paragraph IV certification to the '338 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Apotex's ANDA Products before the expiration of the '338 patent is itself an act of infringement of the '338 patent.

90.     Upon information and belief, Defendant will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Apotex's ANDA Products upon receiving final FDA approval.

91.     Upon information and belief, Apotex's commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Apotex's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '338 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

92.     Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Apotex's ANDA Products prior to the expiration of the '338 patent will directly infringe the '338 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '338 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '338 patent under 35 U.S.C. § 271(c).

93.     Upon information and belief, Apotex's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

94.     Upon information and belief, the label for Apotex's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of

Apotex's ANDA will encourage such third parties to infringe one or more of the claims of the '338 patent.

95.     Upon information and belief, the use of Apotex's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Apotex's ANDA Products will constitute an act of direct infringement of one or more of the claims of the '338 patent.

96.     Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '338 patent.

97.     Upon information and belief, Defendant intends such infringement by third parties, as Defendant is in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendant knows that its actions will induce acts that constitute direct infringement of claims of the '338 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

98.     Upon information and belief, by offering for sale or selling within the United States or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will contribute to the

infringement of the '338 patent by third parties because: (i) Apotex's ANDA Products constitutes a material part of the formulations claimed in the '338 patent; (ii) Defendant knows or should know that Apotex's ANDA Products will be made for uses that directly infringe the formulations claimed in the '338 patent; and (iii) Apotex's ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

99.    Upon information and belief, Defendant has acted with full knowledge of the '338 patent and its claims and without a reasonable basis for believing that Defendant would not be liable for infringement of the '338 patent.  Defendant knew of the existence of the '338 patent, as evidenced by Apotex's filing of Apotex's ANDA with a paragraph IV certification specifically referencing the '338 patent.  Notwithstanding this knowledge, Defendant has continued to signal its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Apotex's ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendant specifically intends infringement of the '338 patent.

100.    Upon information and belief, the actions described herein relating to Apotex's ANDA and Apotex's ANDA Products were done by and for the benefit of Defendant.

101.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

102.    Unless Defendant is permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## FOURTH COUNT
### (Apotex's Infringement of the '753 Patent)

103.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

104.    Upon information and belief, Defendant submitted Apotex's ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Apotex's ANDA Products prior to the expiration of the '753 patent.

105.    Upon information and belief, Defendant submitted Apotex's ANDA with a paragraph IV certification to the '753 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Apotex's ANDA Products before the expiration of the '753 patent.

106.    Upon information and belief, as of the date of the Notice Letter, Defendant was aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

107.    Defendant sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

108.    Under 35 U.S.C. § 271(e)(2)(A), the submission of Apotex's ANDA with a paragraph IV certification to the '753 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Apotex's ANDA Products before the expiration of the '753 patent is itself an act of infringement of the '753 patent.

109.    Upon information and belief, Defendant will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Apotex's ANDA Products upon receiving final FDA approval.

110.    Upon information and belief, Apotex's commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Apotex's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '753 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

111.    Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Apotex's ANDA Products prior to the expiration of the '753 patent will directly infringe the '753 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '753 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '753 patent under 35 U.S.C. § 271(c).

112.    Upon information and belief, Apotex's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

113.    Upon information and belief, the label for Apotex's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Apotex's ANDA will encourage such third parties to perform one or more of the methods claimed in the '753 patent.

114.    Upon information and belief, the use of Apotex's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Apotex's ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '753 patent.

115.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Apotex's ANDA Products and/or distributing the corresponding

labeling, package insert, and/or medication guide, Defendant will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '753 patent.

116.    Upon information and belief, Defendant intends such infringement by third parties, as Defendant is in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendant knows that its actions will induce acts that constitute direct infringement of claims of the '753 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

117.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will contribute to the infringement of the '753 patent by third parties because: (i) Apotex's ANDA Products constitutes a material part of the methods claimed in the '753 patent; (ii) Defendant knows or should know that Apotex's ANDA Products will be made for uses that directly infringe the methods claimed in the '753 patent; and (iii) Apotex's ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

118.    Upon information and belief, Defendant has acted with full knowledge of the '753 patent and its claims and without a reasonable basis for believing that Defendant would not be liable for infringement of the '753 patent.  Defendant knew of the existence of the '753 patent, as evidenced by Apotex's filing of Apotex's ANDA with a paragraph IV certification specifically

referencing the '753 patent.  Notwithstanding this knowledge, Defendant has continued to signal its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Apotex's ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendant specifically intends infringement of the '753 patent.

119.    Upon information and belief, the actions described herein relating to Apotex's ANDA and Apotex's ANDA Products were done by and for the benefit of Defendant.

120.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

121.    Unless Defendant is permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## FIFTH COUNT
### (Apotex's Infringement of the '143 Patent)

122.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

123.    Upon information and belief, Defendant submitted Apotex's ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Apotex's ANDA Products prior to the expiration of the '143 patent.

124.    Upon information and belief, Defendant submitted Apotex's ANDA with a paragraph IV certification to the '143 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Apotex's ANDA Products before the expiration of the '143 patent.

125. Upon information and belief, as of the date of the Notice Letter, Defendant was aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

126. Defendant sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

127. Under 35 U.S.C. § 271(e)(2)(A), the submission of Apotex's ANDA with a paragraph IV certification to the '143 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Apotex's ANDA Products before the expiration of the '143 patent is itself an act of infringement of the '143 patent.

128. Upon information and belief, Defendant will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Apotex's ANDA Products upon receiving final FDA approval.

129. Upon information and belief, Apotex's commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Apotex's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '143 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

130. Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Apotex's ANDA Products prior to the expiration of the '143 patent will directly infringe the '143 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '143 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '143 patent under 35 U.S.C. § 271(c).

131. Upon information and belief, Apotex's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

132.    Upon information and belief, the label for Apotex's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Apotex's ANDA will encourage such third parties to perform one or more of the methods claimed in the '143 patent.

133.    Upon information and belief, the use of Apotex's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Apotex's ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '143 patent.

134.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '143 patent.

135.    Upon information and belief, Defendant intends such infringement by third parties, as Defendant is in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendant knows that its actions will induce acts that constitute direct infringement of claims of the '143 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

136.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will contribute to the infringement of the '143 patent by third parties because: (i) Apotex's ANDA Products constitutes a material part of the methods of treatment claimed in the '143 patent; (ii) Defendant knows or should know that Apotex's ANDA Products will be made for uses that directly infringe the methods of treatment claimed in the '143 patent; and (iii) Apotex's ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

137.    Upon information and belief, Defendant has acted with full knowledge of the '143 patent and its claims and without a reasonable basis for believing that Defendant would not be liable for infringement of the '143 patent.  Defendant knew of the existence of the '143 patent, as evidenced by Apotex's filing of Apotex's ANDA with a paragraph IV certification specifically referencing the '143 patent.  Notwithstanding this knowledge, Defendant has continued to signal its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Apotex's ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendant specifically intends infringement of the '143 patent.

138.    Upon information and belief, the actions described herein relating to Apotex's ANDA and Apotex's ANDA Products were done by and for the benefit of Defendant.

139.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

140.    Unless Defendant is permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## SIXTH COUNT
### (Apotex's Infringement of the '523 Patent)

141.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

142.    Upon information and belief, Defendant submitted Apotex's ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Apotex's ANDA Products prior to the expiration of the '523 patent.

143.    Upon information and belief, Defendant submitted Apotex's ANDA with a paragraph IV certification to the '523 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Apotex's ANDA Products before the expiration of the '523 patent.

144.    Upon information and belief, as of the date of the Notice Letter, Defendant was aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

145.    Defendant sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

146.    Under 35 U.S.C. § 271(e)(2)(A), the submission of Apotex's ANDA with a paragraph IV certification to the '523 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Apotex's ANDA Products before the expiration of the '523 patent is itself an act of infringement of the '523 patent.

147.    Upon information and belief, Defendant will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Apotex's ANDA Products upon receiving final FDA approval.

148.    Upon information and belief, Apotex's commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Apotex's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '523 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

149.    Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Apotex's ANDA Products prior to the expiration of the '523 patent will directly infringe the '523 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '523 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '523 patent under 35 U.S.C. § 271(c).

150.    Upon information and belief, Apotex's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

151.    Upon information and belief, the label for Apotex's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Apotex's ANDA will encourage such third parties to perform one or more of the methods claimed in the '523 patent.

152.    Upon information and belief, the use of Apotex's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Apotex's ANDA

Products will constitute an act of direct infringement of one or more of the methods claimed in the '523 patent.

153.    Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '523 patent.

154.    Upon information and belief, Defendant intends such infringement by third parties, as Defendant is in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States.  Upon information and belief, Defendant knows that its actions will induce acts that constitute direct infringement of claims of the '523 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

155.    Upon information and belief, by offering for sale or selling within the United States or importing into the United States Apotex's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendant will contribute to the infringement of the '523 patent by third parties because: (i) Apotex's ANDA Products constitutes a material part of the methods of treatment claimed in the '523 patent; (ii) Defendant knows or should know that Apotex's ANDA Products will be made for uses that directly infringe the methods of treatment claimed in the '523 patent; and (iii) Apotex's ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

156.    Upon information and belief, Defendant has acted with full knowledge of the '523 patent and its claims and without a reasonable basis for believing that Defendant would not be liable for infringement of the '523 patent.  Defendant knew of the existence of the '523 patent, as evidenced by Apotex's filing of Apotex's ANDA with a paragraph IV certification specifically referencing the '523 patent.  Notwithstanding this knowledge, Defendant has continued to signal its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Apotex's ANDA Products before the expiration of the patents-in-suit.  Upon information and belief, through such activities, Defendant specifically intends infringement of the '523 patent.

157.    Upon information and belief, the actions described herein relating to Apotex's ANDA and Apotex's ANDA Products were done by and for the benefit of Defendant.

158.    This case is "exceptional," and Supernus is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

159.    Unless Defendant is permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## **Prayer for Relief**

WHEREFORE, Supernus respectfully requests the following relief:

i.    A Judgment declaring that the patents-in-suit are enforceable and not invalid;

ii.    A Judgment, pursuant to 35 U.S.C. § 271(e)(2)(A), declaring that the submission to FDA and filing of ANDA No. 220456 with a paragraph IV certification for the purpose of obtaining approval for the commercial manufacture, use, offer for sale, sale, and/or

importation into the United States of Apotex's ANDA Products was an act of infringement of the patents-in-suit by Defendant;

iii.    A Judgment pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), declaring that the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation into the United States, of Apotex's ANDA Products before the expiration of the patents-in-suit (including any regulatory extensions) would directly and/or indirectly infringe the patents-in-suit;

iv.    An Order, pursuant to 35 U.S.C. §§ 271(e)(4)(A), 281, and 283, that the effective date of any approval of Apotex's ANDA Products shall be no earlier than the latest date on which the patents-in-suit expire (including any regulatory extensions);

v.    An Order, pursuant to 35 U.S.C. §§ 271(e)(4)(B), 281, and 283, preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, and attorneys, and any person in active concert or participation or privity with Defendant, from engaging in the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation in the United States, of Apotex's ANDA Products until the expiration of the patents-in-suit (including any regulatory extensions);

vi.    A Judgment, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, awarding Supernus damages or other monetary relief if Defendant commercially manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States, any product that is the subject of ANDA No. 220456 that infringes the patents-in-suit;

vii.    A Judgment, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, declaring that Apotex's infringement of the patents-in-suit is willful and awarding Supernus enhanced damages if Defendant commercially manufactures, uses, offers to sell, or sells within the United

States, and/or imports into the United States, any product that is the subject of ANDA No. 220456 that infringes the patents-in-suit (including any regulatory extensions);

viii.    A Judgment, pursuant to 35 U.S.C. § 285, declaring that this is an exceptional case and awarding Supernus its attorneys' fees and costs; and

ix.    Such other and further relief as this Court may deem just and proper.

Dated: June 26, 2025

By: s/ William C. Baton
    William C. Baton
    Alexander L. Callo
    **SAUL EWING LLP**
    One Riverfront Plaza
    1037 Raymond Blvd., Suite 1520
    Newark, NJ 07102
    wbaton@saul.com

    OF COUNSEL:

    Edgar H. Haug
    Nicholas F. Giove
    Andrew S. Wasson
    Kaitlin M. Farrell
    **HAUG PARTNERS LLP**
    745 Fifth Avenue
    New York, New York 10151
    (212) 588-0800
    ehaug@haugpartners.com
    ngiove@haugpartners.com
    awasson@haugpartners.com
    kfarrell@haugpartners.com

    *Attorneys for Plaintiff*
    *Supernus Pharmaceuticals, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1

I hereby certify that the matter in controversy involves the same plaintiff, same drug

product, and same patents that are at issue in the matter captioned *Supernus Pharmaceuticals,*

*Inc. v. Appco Pharma LLC, et al.*, C.A. No. 25-12183 (MEF) (D.N.J.).

To the best of my knowledge, this matter is not the subject of any other action pending in

any court or of any pending arbitration or administrative proceeding.


Dated: June 26, 2025


|  | By: s/ William C. Baton |
|---|---|
| OF COUNSEL: | William C. Baton |
| Edgar H. Haug | Alexander L. Callo |
| Nicholas F. Giove | **SAUL EWING LLP** |
| Andrew S. Wasson | One Riverfront Plaza |
| Kaitlin M. Farrell | 1037 Raymond Blvd., Suite 1520 |
| **HAUG PARTNERS LLP** | Newark, NJ 07102 |
| 745 Fifth Avenue | wbaton@saul.com |
| New York, NY 10151 | |
| | *Attorneys for Plaintiff* |
| | *Supernus Pharmaceuticals, Inc.* |