William C. Baton
Alexander L. Callo
**SAUL EWING LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
wbaton@saul.com

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*

OF COUNSEL:

Edgar H. Haug
Nicholas F. Giove
Andrew Wasson
Kaitlin M. Farrell
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUPERNUS PHARMACEUTICALS, INC.,<br>Plaintiff,<br>v.<br>APOTEX INC.,<br>Defendant. | Civil Action No. 2:25-cv-12184-MEF-MAH<br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**<br>**(Filed Electronically)** |

## ANSWER TO COUNTERCLAIMS

Plaintiff Supernus Pharmaceuticals, Inc. ("Supernus" or "Plaintiff"), by its undersigned attorneys, hereby answers the Counterclaims of Defendant Apotex Inc. ("Apotex" or "Defendant") dated September 19, 2025. Except as expressly admitted, all allegations are denied.

## BACKGROUND AND PARTIES

1. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 9,358,204 ("the '204 patent"); 9,603,853 ("the '853 patent"); 9,662,338 ("the '338 patent"); 11,324,753 ("the '753 patent"); 11,458,143 ("the '143 patent"); and 12,121,523 ("the '523 patent") (collectively, the "Counterclaim patents-in-suit"), true and complete copies of which are attached to the Complaint as Exhibits A-F, respectively, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the patent laws of the United States, 35 U.S.C. § 1, *et seq*.; and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub.

L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j)(5)(C) and 35 U.S.C. § 271(e)(5)).

**Answer**: Paragraph 1 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to seek a declaratory judgment of non-infringement and invalidity as to U.S. Patent Nos. 9,358,204 ("the '204 patent"); 9,603,853 ("the '853 patent"); 9,662,338 ("the '338 patent"); 11,324,753 ("the '753 patent"); 11,458,143 ("the '143 patent"); and 12,121,523 ("the '523 patent") (collectively, the "patents-in-suit") under the Declaratory Judgment Act and the MMA and that true and complete copies of the patents are attached to the Complaint as Exhibits A-F, respectively. Supernus denies that Defendant is entitled to any of the relief that it seeks and, except as expressly admitted, denies the allegations of paragraph 1.

2. Counterclaim-Plaintiff Apotex Inc. is a corporation organized and existing under the laws of Canada, having its principal place of business at 150 Signet Drive, North York, Toronto, M9L 1T9, Canada.

**Answer**: On information and belief, admitted.

3. Upon information and belief, Counterclaim-Defendant Supernus is a corporation organized and existing under the laws of Delaware, having a place of business at 9715 Key West Avenue, Rockville, Maryland 20850.

**Answer**: Admitted.

## JURISDICTION AND VENUE

4. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**Answer**: Paragraph 4 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Defendant's counterclaims purport to arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, denies that Defendant is entitled to any of the relief that it seeks and, except as expressly admitted, denies the allegations of paragraph 4.

5. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**Answer**: Paragraph 5 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that this Court has subject matter jurisdiction over Defendant's counterclaims under 28 U.S.C. §§ 1331 and 1338(a), denies that Defendant is entitled to any of the relief that it seeks and, except as expressly admitted, denies the allegations of paragraph 5.

6. This Court has personal jurisdiction over Supernus ("Counterclaim-Defendant") because, among other reasons, Supernus subjected itself to the jurisdiction of this Court by filing this action here; because, on information and belief, either directly or through agents, it transacts business in, and derive substantial revenue from, the State of Delaware.

**Answer**: Paragraph 6 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that this Court has personal jurisdiction over Supernus for purposes of this action only, denies that Defendant is entitled to any of the relief that it seeks and, except as expressly admitted, denies the allegations of paragraph 6.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Counterclaim-Defendant commenced the underlying action in this venue.

**Answer**: Paragraph 7 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that venue is proper to adjudicate this action and, except as expressly admitted, denies the allegations of paragraph 7.

8. Because of Counterclaim-Defendant's Complaint against Apotex, there is an actual, substantial, and justiciable controversy between the parties as to the infringement, validity, and enforceability of U.S. Patent Nos. 9,358,204 ("the '204 patent"); 9,603,853 ("the '853 patent"); 9,662,338 ("the '338 patent"); 11,324,753 ("the '753 patent"); 11,458,143 ("the '143 patent"); and 12,121,523 ("the '523 patent") (collectively, the "Counterclaim Patents-in-Suit").

**Answer**: Paragraph 8 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that this Court has subject matter

jurisdiction over Defendant's counterclaims, denies that Defendant is entitled to any of the relief that it seeks and, except as expressly admitted, denies the allegations of paragraph 8.

## FACTUAL BACKGROUND

### A. FDA Approval of Brand Name Pharmaceuticals

9. The Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 301 *et seq*., as amended by the Hatch-Waxman Amendments, sets forth the rules that the Food and Drug Administration ("FDA") follows when considering whether to approve the marketing of both brand-name and generic drugs.

**Answer**: Paragraph 9 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that 21 U.S.C. § 301 *et seq*. contains statutory provisions relating to the approval and marketing of drugs and, except as expressly admitted, denies the allegations of paragraph 9.

10. Under the FFDCA, an applicant seeking to market a new brand-name drug must prepare a New Drug Application ("NDA") for consideration by the FDA. *See* 21 U.S.C. § 355.

**Answer**: Paragraph 10 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits the allegations of paragraph 10.

11. An NDA must include, among other things, the number of any patent that allegedly claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an unauthorized party. *See* 21 U.S.C. § 355(b)(1),-(c)(2); 21 C.F.R. § 314.53(b)(1),-(c)(2).

**Answer**: Paragraph 11 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that paragraph 11 includes quotes from 21 U.S.C. § 355 and its implementing regulations.

12. Upon approval of the NDA, the FDA publishes patent information for the approved drug in Approved Drug Products with Therapeutic Equivalence Evaluations, commonly known as the "Orange Book." *See* 21 C.F.R. § 314.53(e).

**Answer**: Paragraph 12 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits the allegations of paragraph 12.

13. The FDA's duties with respect to Orange Book listings are purely ministerial. If the NDA-holder submits a patent to the FDA for listing in the Orange Book, the patent is listed in the Orange Book. *See* 21 U.S.C. § 355(b)(1); 21 C.F.R. § 314.53(e)-(f). The FDA does not substantively review the submitted patent information to ensure that it is accurate or that the NDA holder properly submitted it in connection with the NDA drug (or "reference listed drug"), but instead relies on the NDA holder to properly list the patent.

**Answer**: Paragraph 13 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus lacks knowledge or information sufficient to form a belief about the truth of paragraph 13.

**B. FDA Approval of Brand Name Pharmaceuticals**

14. In 1984, Congress enacted the Drug Price Competition and Patent Term Restoration Act, also known as the Hatch-Waxman Amendments, to the FFDCA. *See* Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified at 21 U.S.C. § 355 and 35 U.S.C. §§ 156, 271(e)). Congress passed the Hatch-Waxman Amendments, which simplified the procedure for obtaining approval of generic drugs, for the purpose of decreasing the cost of pharmaceuticals through increased competition.

**Answer**: Paragraph 14 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that Congress enacted the Drug Price Competition and Patent Term Restoration Act in 1984. Supernus lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14.

15. Under the Hatch-Waxman Amendments, a generic manufacturer submits to the FDA what is called an Abbreviated New Drug Application ("ANDA").

**Answer**: Paragraph 15 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15.

16. Among other things, an ANDA must also contain a "certification" as to each patent that the NDA holder has submitted to the FDA for listing in the Orange Book in connection with the reference listed drug. *See* 21 U.S.C. § 355(j)(2)(A)(vii); 21 C.F.R. § 314.94(a)(12).

**Answer**: Paragraph 16 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits the allegations of paragraph 16, upon information and belief.

17. A "Paragraph IV" certification asserts that the listed patent is invalid, unenforceable, and/or will not be infringed and, on that basis, the applicant seeks FDA approval of the generic product prior to patent expiration. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(IV); 21 C.F.R. § 314.94(a)(12)(i)(A)(4).

**Answer**: Paragraph 17 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits the allegations of paragraph 17, upon information and belief.

18. An applicant submitting an ANDA containing a Paragraph IV certification must notify both the patent holder and NDA holder of each of its Paragraph IV certifications. *See* 21 U.S.C. § 355(j)(2)(B).

**Answer**: Paragraph 18 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits the allegations of paragraph 18, upon information and belief.

19. Patent holders have a significant strategic incentive to file suit within 45 days of receiving notice of the Paragraph IV certifications because doing so, regardless of merit, automatically prevents the FDA from approving the generic maker's ANDA for a period of 30 months, absent certain exceptions. *See* 21 U.S.C. § 355(j)(5)(B)(iii).

**Answer**: Denied.

20. If the court hearing the infringement action decides the patent is valid, enforceable, and would be infringed by the product proposed in the ANDA, the FDA will not approve the ANDA until the patent expires. *Id*. If, however, the court hearing the infringement action rules before the expiration of the 30-month period that the patent is invalid, unenforceable, or not infringed, "including any substantive determination that there is no cause of action for patent infringement or invalidity," the FDA may approve the ANDA effective on the date when the court enters the judgment. *Id*.

**Answer**: Paragraph 20 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that paragraph 20 includes quotes from 21 U.S.C. § 355.

**C. NDA No. 211964 and The Counterclaim Patents-In-Suit**

21. According to the United States Food and Drug Administration ("FDA") publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), Supernus Pharmaceuticals, Inc. is the holder of New Drug Application ("NDA") No. 211964 for Qelbree® (viloxazine extended-release capsules (100 mg, 150 mg and 200 mg)).

**Answer**: Admitted.

22. NDA holders are required to disclose to the FDA the patent number of patents claiming the drug or the method of using such drug for which the NDA is submitted. The FDA lists these patents in the Orange Book.

**Answer**: Paragraph 22 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22.

23. The Orange Book lists the '204, '853, '338, '753, '143, and '523 patents in connection with NDA No. 211964 for Qelbree® (viloxazine extended-release capsules (100 mg, 150 mg and 200 mg)).

**Answer**: Admitted.

24. On information and belief, Supernus caused the Counterclaim Patents-in-Suit to be listed in the Orange Book in connection with NDA No. 211964.

**Answer**: Admitted.

**<u>The '204 Patent</u>**

25. Upon information and belief, the United States Patent and Trademark Office ("USPTO") issued the '204 patent, titled "Formulations of viloxazine," on or about June 7, 2016.

**Answer**: Admitted.

26. Upon information and belief, Counterclaim Defendant Supernus is the assignee of the '204 patent, and upon information and belief, a copy of the '204 patent is attached as Exhibit A to the Complaint.

**Answer**: Admitted.

**<u>The '853 Patent</u>**

27. Upon information and belief, the USPTO issued the '853 patent, titled "Formulations of viloxazine," on or about March 28, 2017.

**Answer**: Admitted.

28. Upon information and belief, Counterclaim Defendant Supernus is the assignee of the ’853 patent, and upon information and belief, a copy of the ’853 patent is attached as Exhibit B to the Complaint.

**Answer**: Admitted.

**<u>The ’338 Patent</u>**

29. Upon information and belief, the USPTO issued the ’338 patent, titled “Formulations of viloxazine,” on or about May 30, 2017.

**Answer**: Admitted.

30. Upon information and belief, Counterclaim Defendant Supernus is the assignee of the ’338 patent, and upon information and belief, a copy of the ’338 patent is attached as Exhibit C to the Complaint.

**Answer**: Admitted.

**<u>The ’753 Patent</u>**

31. Upon information and belief, the USPTO issued the ’753 patent, titled “Method of treatment of attention deficit/hyperactivity disorder (ADHD),” on or about May 10, 2022.

**Answer**: Admitted.

32. Upon information and belief, Counterclaim Defendant Supernus is the assignee of the ’753 patent, and upon information and belief, a copy of the ’753 patent is attached as Exhibit D to the Complaint.

**Answer**: Admitted.

**<u>The ’143 Patent</u>**

33. Upon information and belief, the USPTO issued the ’143 patent, titled “Method of treatment of attention deficit/hyperactivity disorder (ADHD),” on or about October 4, 2022.

**Answer**: Admitted.

34. Upon information and belief, Counterclaim Defendant Supernus is the assignee of the ’143 patent, and upon information and belief, a copy of the ’143 patent is attached as Exhibit E to the Complaint.

**Answer**: Admitted.

**The '523 Patent**

35. Upon information and belief, the USPTO issued the '523 patent, titled "Method of treatment of attention deficit/hyperactivity disorder (ADHD)," on or about October 22, 2022.

**Answer**: Supernus admits that the USPTO issued the '523 patent, titled "Method of treatment of attention deficit/hyperactivity disorder (ADHD)," on or about October 22, 2024. Supernus denies the remaining allegations in paragraph 35.

36. Upon information and belief, Counterclaim Defendant Supernus is the assignee of the '523 patent, and upon information and belief, a copy of the '523 patent is attached as Exhibit F to the Complaint.

**Answer**: Admitted.

**D. Apotex's ANDA No. 220456**

37. Apotex filed Abbreviated New Drug Application ("ANDA") No. 220456 ("Apotex's ANDA") with the U.S. Food and Drug Administration ("FDA"), seeking approval for viloxazine extended-release capsules (100 mg, 150 mg and 200 mg) ("Apotex's ANDA Products") prior to expiration of the Counterclaim Patents-In-Suit.

**Answer**: On information and belief, admitted.

38. Apotex's ANDA included a certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certification"), that, in Apotex's opinion and to the best of its knowledge, Apotex's ANDA Products would not infringe any valid claim of the Counterclaim Patents-In-Suit.

**Answer**: On information and belief, admitted.

39. Pursuant to 21 U.S.C. § 355(j)(2)(B), Apotex sent, or caused to be sent, to Counterclaim-Defendant a letter dated May 22, 2025, detailing the legal and factual bases for its Paragraph IV certification that Apotex's ANDA would not infringe any valid claim of the Counterclaim patents-in-suit (the "detailed statement"), detailing multiple bases for Apotex's certification as to each claim of the Counterclaim patents-in-suit, and including an Offer of Confidential Access in accordance with 21 U.S.C. § 355(j)(5)(C)(i)(III) to allow Counterclaim-Defendant to inspect relevant portions of Apotex's ANDA.

**Answer**: Paragraph 39 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that: (i) Apotex sent, or caused to be sent, to Supernus a letter dated May 22, 2025 ("the Notice Letter"); (ii) the Notice Letter included an

Offer of Confidential Access ("OCA") to unspecified portions of ANDA No. 220456; (iii) Defendant's OCA contained numerous unreasonable and overly restrictive provisions; (iv) Plaintiff proposed revisions that comport with restrictions that "would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information;" (v) Apotex did not respond to Plaintiff's proposal; (vi) the Notice Letter does not disclose any invalidity contentions or opinions specifically directed to any claims of the '204 patent, the '853 patent, or the '338 patent; (vii) the Notice Letter does not disclose any contentions or opinions of no induced or contributory infringement specifically directed to any claims of the '338 patent; (viii) the Notice Letter does not disclose any noninfringement contentions or opinions specifically directed to claims 1-5 or 7 of the '143 patent; and (ix) the Notice Letter does not disclose any unenforceability contentions for the patents-in-suit. Except as expressly admitted, Supernus denies the allegations of paragraph 39.

40. Counterclaim-Defendant refused the terms and conditions of Apotex's Offer of Confidential Access.

**Answer:** Supernus admits that: (i) the Notice Letter included an OCA to unspecified portions of ANDA No. 220456; (ii) Defendant's OCA contained numerous unreasonable and overly restrictive provisions; (iii) Plaintiff proposed revisions that comport with restrictions that "would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information;" and (iv) Apotex did not respond to Plaintiff's proposal. Except as expressly admitted, Supernus denies the allegations of paragraph 40.

41. Counterclaim-Defendant initiated the present litigation by filing a complaint against Apotex on June 26, 2025, alleging that Apotex's ANDA infringes one or more claims of the '204, '853, '338, '753, '143 patent, and '523 patents.

**Answer**: Admitted.

42. Counterclaim-Defendant did not review Apotex's ANDA in the instant action prior to filing suit.

**Answer**: Supernus admits that Apotex did not produce Apotex's ANDA to Supernus prior to the June 26, 2025 filing date of the Complaint. Except as expressly admitted, Supernus denies the allegations of paragraph 42.

43. Counterclaim-Defendant did not perform a prefiling infringement investigation of Apotex's ANDA products.

**Answer**: Denied.

44. As a consequence of the foregoing, there is an actual and justiciable controversy between Counterclaim-Defendant and Apotex as to whether Apotex's ANDA infringes the Counterclaim Patents-In-Suit, or whether the manufacture, use, sale, offer for sale, and/or importation of Apotex's ANDA Products would infringe the Counterclaim Patents-In-Suit.

**Answer**: Paragraph 44 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 44.

**COUNT I**
**(Declaratory Judgment of Invalidity of the '204 Patent)**

45. Apotex restates and realleges each of the foregoing paragraphs 1-44 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

46. Counterclaim-Defendant alleges that Apotex's filing of ANDA No. 220456 infringes the '204 patent and that the manufacture, use, offer for sale, sale or importation of the proposed ANDA Products would infringe the '204 patent.

**Answer**: Admitted.

47. As evidenced by Counterclaim Defendant's Complaint and Apotex's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim Defendant regarding the validity of the claims of the '204 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 47 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 47.

48. The claims of the ’204 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

49. Apotex is entitled to a judicial determination that the claims of the ’204 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

**COUNT II**
**(Declaratory Judgment of Non-Infringement of the ’204 Patent)**

50. Apotex restates and realleges each of the foregoing paragraphs 1-49 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

51. Counterclaim-Defendant alleges that Apotex’s filing of ANDA No. 220456 infringes the ’204 patent and that the manufacture, use, offer for sale, sale or importation of Apotex’s ANDA Products would infringe the ’204 patent.

**Answer**: Admitted.

52. As evidenced by Counterclaim-Defendant’s Complaint and Apotex’s Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim-Defendant regarding the infringement of the claims of the ’204 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 52 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 52.

53. The manufacture, use, offer for sale, sale, and/or import of Apotex's ANDA Products would not infringe any valid or enforceable claim of the '204 patent, either directly or indirectly.

**Answer**: Denied.

54. Apotex incorporates by reference Apotex's Notice Letter, which contains exemplary and nonlimiting explanations that no valid or enforceable claim of the '204 patent is infringed by Apotex's ANDA or Apotex's ANDA Products.

**Answer**: Supernus admits that Apotex purports to incorporate by reference Apotex's Notice Letter. Supernus denies the remaining allegations in paragraph 54.

55. Based at least upon the facts and the reasons set forth in the detailed statement accompanying the Notice Letter, the manufacture, use, sale, offer for sale, and/or importation by Apotex of their proposed ANDA Products pursuant to ANDA No. 220456 will not infringe, directly or indirectly, any valid claim of the '204 patent under any provision of 35 U.S.C. § 271.

**Answer**: Denied.

56. Apotex is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claims of the '204 patent.

**Answer**: Denied.

**COUNT III**
**(Declaratory Judgment of Invalidity of the '853 Patent)**

57. Apotex restates and realleges each of the foregoing paragraphs 1-57 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

58. Counterclaim-Defendant alleges that Apotex's filing of ANDA No. 220456 infringes the '853 patent and that the manufacture, use, offer for sale, sale or importation of the proposed ANDA Products would infringe the '853 patent.

**Answer**: Admitted.

59. As evidenced by Counterclaim Defendant's Complaint and Apotex's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim Defendant regarding the validity of the claims of the '853 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 59 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 59.

60. The claims of the ’853 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

61. Apotex is entitled to a judicial determination that the claims of the ’853 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

**COUNT IV**
**(Declaratory Judgment of Non-Infringement of the ’853 Patent)**

62. Apotex restates and realleges each of the foregoing paragraphs 1-61 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

63. Counterclaim-Defendant alleges that Apotex’s filing of ANDA No. 220456 infringes the ’853 patent and that the manufacture, use, offer for sale, sale or importation of Apotex’s ANDA Products would infringe the ’853 patent.

**Answer**: Admitted.

64. As evidenced by Counterclaim-Defendant’s Complaint and Apotex’s Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim-Defendant regarding the infringement of the claims of the ’853 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 64 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 64.

65. The manufacture, use, offer for sale, sale, and/or import of Apotex's ANDA Products would not infringe any valid or enforceable claim of the '853 patent, either directly or indirectly.

**Answer**: Denied.

66. Apotex incorporates by reference Apotex's Notice Letter, which contains exemplary and nonlimiting explanations that no valid or enforceable claim of the '853 patent is infringed by Apotex's ANDA or Apotex's ANDA Products.

**Answer**: Supernus admits that Apotex purports to incorporate by reference Apotex's Notice Letter. Supernus denies the remaining allegations in paragraph 66.

67. Based at least upon the facts and the reasons set forth in the detailed statement accompanying the Notice Letter, the manufacture, use, sale, offer for sale, and/or importation by Apotex of their proposed ANDA Products pursuant to ANDA No. 220456 will not infringe, directly or indirectly, any valid claim of the '853 patent under any provision of 35 U.S.C. § 271.

**Answer**: Denied.

68. Apotex is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claims of the '853 patent.

**Answer**: Denied.

**COUNT V**
**(Declaratory Judgment of Invalidity of the '338 Patent)**

69. Apotex restates and realleges each of the foregoing paragraphs 1-68 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

70. Counterclaim-Defendant alleges that Apotex's filing of ANDA No. 220456 infringes the '338 patent and that the manufacture, use, offer for sale, sale or importation of the proposed ANDA Products would infringe the '338 patent.

**Answer**: Admitted.

71. As evidenced by Counterclaim Defendant's Complaint and Apotex's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim Defendant regarding the validity of the claims of the '338 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 71 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 71.

72. The claims of the ’338 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

73. Apotex is entitled to a judicial determination that the claims of the ’338 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

**COUNT VI**
**(Declaratory Judgment of Non-Infringement of the ’338 Patent)**

74. Apotex restates and realleges each of the foregoing paragraphs 1-73 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

75. Counterclaim-Defendant alleges that Apotex’s filing of ANDA No. 220456 infringes the ’338 patent and that the manufacture, use, offer for sale, sale or importation of Apotex’s ANDA Products would infringe the ’338 patent.

**Answer**: Admitted.

76. As evidenced by Counterclaim-Defendant’s Complaint and Apotex’s Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim-Defendant regarding the infringement of the claims of the ’338 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 76 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 76.

77. The manufacture, use, offer for sale, sale, and/or import of Apotex's ANDA Products would not infringe any valid or enforceable claim of the '338 patent, either directly or indirectly.

**Answer**: Denied.

78. Apotex incorporates by reference Apotex's Notice Letter, which contains exemplary and nonlimiting explanations that no valid or enforceable claim of the '338 patent is infringed by Apotex's ANDA or Apotex's ANDA Products.

**Answer**: Supernus admits that Apotex purports to incorporate by reference Apotex's Notice Letter. Supernus denies the remaining allegations in paragraph 78.

79. Based at least upon the facts and the reasons set forth in the detailed statement accompanying the Notice Letter, the manufacture, use, sale, offer for sale, and/or importation by Apotex of their proposed ANDA Products pursuant to ANDA No. 220456 will not infringe, directly or indirectly, any valid claim of the '338 patent under any provision of 35 U.S.C. § 271.

**Answer**: Denied.

80. Apotex is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claims of the '338 patent.

**Answer**: Denied.

**COUNT VII**
**(Declaratory Judgment of Invalidity of the '753 Patent)**

81. Apotex restates and realleges each of the foregoing paragraphs 1-80 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

82. Counterclaim-Defendant alleges that Apotex's filing of ANDA No. 220456 infringes the '753 patent and that the manufacture, use, offer for sale, sale or importation of the proposed ANDA Products would infringe the '753 patent.

**Answer**: Admitted.

83. As evidenced by Counterclaim Defendant's Complaint and Apotex's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim Defendant regarding the validity of the claims of the '753 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 83 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 83.

84. In accordance with 21 U.S.C. § 355(j)(2)(B), Apotex's Notice Letter included a detailed statement of factual and legal bases for why the claims of the '753 patent are invalid. Apotex incorporates by reference Apotex's Notice Letter.

**Answer**: Denied.

85. Based at least upon the facts and the reasons set forth in the detailed statement accompanying Apotex's Notice Letter, the claims of the '753 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

86. Apotex is entitled to a judicial determination that the claims of the '753 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

**COUNT VIII**
**(Declaratory Judgment of Non-Infringement of the '753 Patent)**

87. Apotex restates and realleges each of the foregoing paragraphs 1-86 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

88. Counterclaim-Defendant alleges that Apotex's filing of ANDA No. 220456 infringes the '753 patent and that the manufacture, use, offer for sale, sale or importation of Apotex's ANDA Products would infringe the '753 patent.

**Answer**: Admitted.

89. As evidenced by Counterclaim-Defendant's Complaint and Apotex's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim-Defendant regarding the infringement of the claims of the '753 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 89 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 89.

90. The manufacture, use, offer for sale, sale, and/or import of Apotex's ANDA Products would not infringe any valid or enforceable claim of the '753 patent, either directly or indirectly.

**Answer**: Denied.

91. Apotex incorporates by reference Apotex's Notice Letter, which contains exemplary and nonlimiting explanations that no valid or enforceable claim of the '753 patent is infringed by Apotex's ANDA or Apotex's ANDA Products.

**Answer**: Supernus admits that Apotex purports to incorporate by reference Apotex's Notice Letter. Supernus denies the remaining allegations in paragraph 91.

92. Based at least upon the facts and the reasons set forth in the detailed statement accompanying the Notice Letter, the manufacture, use, sale, offer for sale, and/or importation by Apotex of their proposed ANDA Products pursuant to ANDA No. 220456 will not infringe, directly or indirectly, any valid claim of the '753 patent under any provision of 35 U.S.C. § 271.

**Answer**: Denied.

93. Apotex is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claims of the '753 patent.

**Answer**: Denied.

**COUNT IX**
**(Declaratory Judgment of Invalidity of the '143 Patent)**

94. Apotex restates and realleges each of the foregoing paragraphs 1-93 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

95. Counterclaim-Defendant alleges that Apotex's filing of ANDA No. 220456 infringes the '143 patent and that the manufacture, use, offer for sale, sale or importation of the proposed ANDA Products would infringe the '143 patent.

**Answer**: Admitted.

96. As evidenced by Counterclaim Defendant's Complaint and Apotex's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim Defendant regarding the validity of the claims of the '143 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 96 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 96.

97. In accordance with 21 U.S.C. § 355(j)(2)(B), Apotex's Notice Letter included a detailed statement of factual and legal bases for why the claims of the '143 patent are invalid. Apotex incorporates by reference Apotex's Notice Letter.

**Answer**: Denied.

98. Based at least upon the facts and the reasons set forth in the detailed statement accompanying Apotex's Notice Letter, the claims of the '143 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

99. Apotex is entitled to a judicial determination that the claims of the '143 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

**COUNT X**
**(Declaratory Judgment of Non-Infringement of the '143 Patent)**

100. Apotex restates and realleges each of the foregoing paragraphs 1-99 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

101. Counterclaim-Defendant alleges that Apotex's filing of ANDA No. 220456 infringes the '143 patent and that the manufacture, use, offer for sale, sale or importation of Apotex's ANDA Products would infringe the '143 patent.

**Answer**: Admitted.

102. As evidenced by Counterclaim-Defendant's Complaint and Apotex's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim-Defendant regarding the infringement of the claims of the '143 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 102 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 102.

103. The manufacture, use, offer for sale, sale, and/or import of Apotex's ANDA Products would not infringe any valid or enforceable claim of the '143 patent, either directly or indirectly.

**Answer**: Denied.

104. Apotex incorporates by reference Apotex's Notice Letter, which contains exemplary and nonlimiting explanations that no valid or enforceable claim of the '143 patent is infringed by Apotex's ANDA or Apotex's ANDA Products.

**Answer**: Supernus admits that Apotex purports to incorporate by reference Apotex's Notice Letter. Supernus denies the remaining allegations in paragraph 104.

105. Based at least upon the facts and the reasons set forth in the detailed statement accompanying the Notice Letter, the manufacture, use, sale, offer for sale, and/or importation by Apotex of their proposed ANDA Products pursuant to ANDA No. 220456 will not infringe, directly or indirectly, any valid claim of the '143 patent under any provision of 35 U.S.C. § 271.

**Answer**: Denied.

106. Apotex is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claims of the '143 patent.

**Answer**: Denied.

**COUNT XI**
**(Declaratory Judgment of Invalidity of the '523 Patent)**

107. Apotex restates and realleges each of the foregoing paragraphs 1-106 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

108. Counterclaim-Defendant alleges that Apotex's filing of ANDA No. 220456 infringes the '523 patent and that the manufacture, use, offer for sale, sale or importation of the proposed ANDA Products would infringe the '523 patent.

**Answer**: Admitted.

109. As evidenced by Counterclaim Defendant's Complaint and Apotex's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim Defendant regarding the validity of the claims of the '523 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 109 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 109.

110. In accordance with 21 U.S.C. § 355(j)(2)(B), Apotex's Notice Letter included a detailed statement of factual and legal bases for why the claims of the '523 patent are invalid. Apotex incorporates by reference Apotex's Notice Letter.

**Answer**: Denied.

111. Based at least upon the facts and the reasons set forth in the detailed statement accompanying Apotex's Notice Letter, the claims of the '523 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

112. Apotex is entitled to a judicial determination that the claims of the '523 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**Answer**: Denied.

**COUNT XII|**
**(Declaratory Judgment of Non-Infringement of the '523 Patent)**

113. Apotex restates and realleges each of the foregoing paragraphs 1-112 of the Counterclaims as if fully set forth herein.

**Answer**: Supernus incorporates its answers to the preceding paragraphs.

114. Counterclaim-Defendant alleges that Apotex's filing of ANDA No. 220456 infringes the '523 patent and that the manufacture, use, offer for sale, sale or importation of Apotex's ANDA Products would infringe the '523 patent.

**Answer**: Admitted.

115. As evidenced by Counterclaim-Defendant's Complaint and Apotex's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Apotex and Counterclaim-Defendant regarding the infringement of the claims of the '523 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

**Answer**: Paragraph 115 states legal conclusions for which no answer is required. To the extent that an answer is required, Supernus admits that there is an actual and justiciable controversy between Supernus and Defendant regarding the patents-in-suit and, except as expressly admitted, denies the allegations of paragraph 115.

116. The manufacture, use, offer for sale, sale, and/or import of Apotex's ANDA Products would not infringe any valid or enforceable claim of the '523 patent, either directly or indirectly.

**Answer**: Denied.

117. Apotex incorporates by reference Apotex's Notice Letter, which contains exemplary and nonlimiting explanations that no valid or enforceable claim of the '523 patent is infringed by Apotex's ANDA or Apotex's ANDA Products.

**Answer**: Supernus admits that Apotex purports to incorporate by reference Apotex's Notice Letter. Supernus denies the remaining allegations in paragraph 117.

118. Based at least upon the facts and the reasons set forth in the detailed statement accompanying the Notice Letter, the manufacture, use, sale, offer for sale, and/or importation by Apotex of their proposed ANDA Products pursuant to ANDA No. 220456 will not infringe, directly or indirectly, any valid claim of the '523 patent under any provision of 35 U.S.C. § 271.

**Answer**: Denied.

119. Apotex is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid or enforceable claims of the '523 patent.

**Answer**: Denied.

## **PRAYER FOR RELIEF**

Supernus denies that Defendant is entitled to any relief on its Counterclaims, either as set forth in its pleading or otherwise.

## **SUPERNUS'S AFFIRMATIVE DEFENSE**

Without prejudice to the denials set forth in this Answer and to the right to amend this Answer to seek and allege any and all defenses not presently known or that are revealed during discovery in this action or otherwise, Supernus asserts the following affirmative defense in response to Defendant's counterclaims:

### **Failure to State a Claim**

Defendant's counterclaims fail to state any claim for which relief may be granted.

Dated: October 24, 2025

By: s/ William C. Baton

William C. Baton
Alexander L. Callo
**SAUL EWING LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
wbaton@saul.com

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*

OF COUNSEL:

Edgar H. Haug
Nicholas F. Giove
Andrew S. Wasson
Kaitlin M. Farrell
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151